UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| JESUS CORDOVA, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | F.L. NO. |
| | § | DEMAND FOR JURY TRIAL |
| LANDSTAR INWAY, INC., | § | 3:21-cv-761-mmH-PDB |
| LANDSTAR SYSTEM, INC., | § | |
| AND BILLY R. BEECH, | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JESUS CORDOVA**, hereinafter referred to as Plaintiff, complaining of **BILLY R. BEECH, LANDSTAR INWAY, INC., AND LANDSTAR SYSTEM, INC.**, hereinafter referred to as Defendants, and for his cause of action would respectfully show unto the Court and Jury as follows:

### I. Introduction

1.0   Plaintiff, **JESUS CORDOVA**, is a citizen of the state of Texas.

1.2   Defendant, **BILLY R. BEECH,** is a citizen the state of Tennessee, and is the driver of one of the vehicles involved in the collision.  Service of process with citation is proper in accordance with the Federal Rules of Civil Procedure, Rule 4(e)(1)(2)(A), (B), or (C), at his place of residence located at 582 Old Railroad Bed, Fayetteville, Tennessee 37334, or wherever he may be found.

1.3   Defendant, **LANDSTAR INWAY INC.,** is a Corporation with its principal place of business located in Florida and was the employer of the Defendant driver, **BILLY R. BEECH**, of the vehicle involved in the collision. Service of process with citation is proper pursuant to Federal Rules of Civil Procedure, Rule 4(h)(1)(a) or (b) to Defendant, **LANDSTAR INWAY INC.,** through its Registered Agent: C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, by U.S. registered mail or certified mail, return receipt requested.

1.4   Defendant, **LANDSTAR SYSTEM INC.,** is a Corporation with its principal place of business located in Florida and was the employer of the Defendant driver, **BILLY R. BEECH**, of the vehicle involved in the collision. Service of process with citation is proper pursuant to Federal Rules of Civil Procedure, Rule 4(h)(1)(a) or (b) to Defendant, **LANDSTAR SYSTEM, INC.,** through its Registered Agent: C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, by U.S. registered mail or certified mail, return receipt requested.

## II. Venue and Jurisdiction

2.0   There is complete diversity of citizenship of the parties in this matter and this Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1).

2.1   Plaintiff seeks monetary relief in an amount exceeding $75,000.00.

### III. Classification

3.0   Plaintiff is bringing this cause of action against the named Defendants for personal and bodily injuries caused by an incident which occurred on or about September 10, 2018, in St. Martin Parish, Louisiana. All conditions precedent have been satisfied.

### IV. Background Information

4.0   On or about September 10, 2018, Plaintiff, **JESUS CORDOVA,** was operating a 2006 Freightliner Tractor Truck and was traveling eastbound on I-10 and was stopped for traffic on the outside lane of travel. Defendant, **BILLY R. BEECH,** while in the course and scope of his employment, was driving a 2005 Peterbilt Tractor Trailer, and working for **LANDSTAR INWAY, INC., AND/OR LANDSTAR SYSTEM, INC.,** and was also traveling eastbound on I-10 and negligently follow the Plaintiff too closely and caused a collision. Defendant, **BILLY R. BEECH's,** inattention to the roadway caused the collision with Plaintiff, **JESUS CORDOVA,** and the resultant injuries.

### V. Negligent Actions

5.6   On the occasion in question, Defendant, **BILLY R. BEECH,** operated the 2005 Peterbilt Tractor Trailer while working for **LANDSTAR INWAY, INC., AND/OR LANDSTAR SYSTEM, INC.,** in a negligent manner, in that he violated the duty

which he owed Plaintiff, **JESUS CORDOVA,** to exercise ordinary care in the operation of a motor vehicle in one or more of the following respects:

    a.    In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.    In failing to timely apply the brakes to his vehicle in order to avoid the collision in question;

    c.    In failing to take proper evasive action and avoid the collision in question;

    d.    In failing to control the speed of his vehicle to avoid the collision in question;

    e.    In failing to maintain attention while driving as a reasonable prudent person would have done; and

    f.    In driving his vehicle in willful or wanton disregard for the safety of other persons.

5.7    Plaintiff would further show that the above and foregoing acts were separate and distinct acts of negligence and that they are the direct and proximate cause of the incident in question and the Plaintiff's resultant injuries as will be more accurately described herein below.

5.8    Each of these acts and omissions, singularly or in combination with such other acts and omissions constituted negligence and negligence per se which proximately caused the accident made the basis of this lawsuit, and the damages and injuries suffered by the Plaintiff.

## VI. Respondeat Superior Theory

6.2   On the occasion in question, Defendant, **BILLY R. BEECH**, was an agent, employee, and/or representative of Defendant, **LANDSTAR INWAY, INC., AND/OR LANDSTAR SYSTEM, INC.,** acting in the course and scope of their agency and/or employment and thus Defendant, **LANDSTAR INWAY, INC., AND /OR LANDSTAR SYSTEM, INC.,** is liable for the tortuous acts and/or omissions of its employee and/or representative, pursuant to the doctrine of Respondeat Superior and/or Agency.

## VII. Damages of JESUS CORDOVA

7.0   As a result of the collision made the basis of this action, Plaintiff, **JESUS CORDOVA,** has suffered physical pain and mental anguish. In all reasonable probability, he will continue to suffer such physical pain and mental anguish for a long time into the future, if not for the balance of his natural life.

7.1   As a further result of the Defendants' negligence, Plaintiff, **JESUS CORDOVA,** has been caused to incur reasonable and necessary medical expenses in the past and in all probability, will continue to so incur reasonable and necessary medical expenses in the future.

7.2   Plaintiff, **JESUS CORDOVA,** would further show that as a result of the injuries he sustained due to the Defendants' negligence, he has suffered physical impairment

in the past and in all reasonable probability, he will continue to so suffer physical impairment in the future.

7.3    Plaintiff, **JESUS CORDOVA,** would further show that he has been unable to perform his regular household chores and/or services due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for his loss of household chores and/or services.

7.4    Plaintiff, **JESUS CORDOVA,** would further show that he has been unable to perform his regular work activities due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for his loss of wages and loss of wage-earning capacity.

## VIII. Pre-Judgment and Post-Judgment Interest

8.0    Plaintiff, **JESUS CORDOVA,** further alleges that he is entitled to recover pre-judgment and post-judgment interest at the legal rate as provided for by the case of Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985) and Ariz. Chem. Co., LLC v. Mohawk Indus., 197 So.3d 99 (Fla. Dist. Ct. App. 1st Dist. 2016).

8.1    By reason of all the above and foregoing elements, Plaintiff, **JESUS CORDOVA,** has suffered losses and damages in a sum that far exceed the minimum jurisdictional limits of this Court and for which he hereby sue said Defendants.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby request that Defendants be cited to appear and answer herein, and that on final trial hereof, Plaintiff have and recover the following:

1. Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate as prescribed by law;

2. Pre-judgment and post-judgment interest at the prevailing legal rate as provided by law and by statute;

3. Costs of suit; and

4. Such other and further relief, both general and special at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**GONZALEZ & ASSOCIATES, P.C.**
269 N. Ceylon Street
Eagle Pass, Texas 78852
Tel: (830) 757-8323
Fax: (830) 757-8327

By: *"/s/" Antonio Gonzalez*
**ANTONIO GONZALEZ**
Texas State Bar No. 24085786
ATTORNEY FOR PLAINTIFF