**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JESUS CORDOVA,

      Plaintiff,

v.

                                    Case No. 3:21-cv-761-MMH-PDB

LANDSTAR INWAY, INC., et al.,

      Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On August 2, 2021, Plaintiff initiated the instant action, by filing Plaintiff's Original Complaint (Doc. 1, Complaint) against Defendants. The Complaint asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because "[t]here is complete diversity of citizenship of the parties in this matter and . . . Plaintiff seeks monetary relief in an amount exceeding $75,000.00." Id. at 2. Specifically, Plaintiff alleges that he "is a citizen of Texas," Defendant Billy R. Beech "is a citizen of the state of Tennessee," and Defendants Landstar Inway, Inc. and Landstar System, Inc. are corporations each of which has its "principal place of business located in Florida." Id. at 1.

1

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Diversity jurisdiction requires complete diversity or that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"). For purposes of establishing diversity jurisdiction, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v.

2

Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).  Thus, to sufficiently allege the citizenship of a corporation, a party must identify the states of incorporation <u>and</u> principal place of business.  See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1) (emphasis added).

Upon review of the Complaint, it appears Plaintiff has not alleged sufficient information to determine the citizenship of Defendants Landstar Inway, Inc. and Landstar System, Inc.  While Plaintiff alleges each corporate Defendants' principal place of business, Plaintiff does not identify the state of incorporation for either.  Accordingly, the Court is unable to determine whether it has diversity jurisdiction over this action.[1]  In light of the foregoing, the Court

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

will afford Plaintiff[2] an opportunity to provide the Court with sufficient information to establish the citizenship of Defendants Landstar Inway, Inc. and Landstar System, Inc., and thereby the Court's diversity jurisdiction over the instant action.

**ORDERED**:

Plaintiff shall have until **August 20, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, on August 4, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").