UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESUS CORDOVA,

    Plaintiff,

vs.                              Case No. 3:21-cv-761-MMH-PDB

LANDSTAR INWAY, INC., et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. On August 2, 2021, Plaintiff initiated the instant action, by filing Plaintiff's Original Complaint (Doc. 1; Original Complaint) against Defendants. In the Original Complaint, Plaintiff asserted that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the matter in controversy exceeds $75,000. See Original Complaint at 1-2. Upon review of the Original Complaint, the Court entered an Order on August 4, 2021, explaining that the Court could not determine the citizenship of Defendants Landstar Inway, Inc. and Landstar System, Inc. based on the information provided. See Order (Doc. 4). The Court directed Plaintiff to

1

provide the Court with sufficient information so that the Court could determine whether it has diversity jurisdiction over this action. See id. In response, on September 10, 2021, Plaintiff filed Plaintiff's First Amended Original Complaint (Doc. 12; Amended Complaint). Upon review of the Amended Complaint, the Court finds that Plaintiff still fails to provide the Court with sufficient information to establish this Court's diversity jurisdiction.

As the Court previously explained, diversity jurisdiction requires complete diversity or that "all plaintiffs must be diverse from all defendants." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999); see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"). For purposes of establishing diversity jurisdiction, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004); 28 U.S.C. § 1332(c)(1) (emphasis added).

In its August 4, 2021 Order, the Court instructed that "[w]hile Plaintiff alleges each corporate Defendants' principal place of business, Plaintiff does not identify the state of incorporation for either." See Order (Doc. 4) at 3. In the Amended Complaint, Plaintiff still fails to identify the Defendants' states of incorporation. Instead, Plaintiff alleges that both Defendants are corporations "registered in the State of Florida" and attaches the Defendants' corporate records on file with the Division of Corporations within the Florida Department of State. See Amended Complaint at 2, Ex. A (Doc 12-1) & Ex. B (Doc. 12-2). The records merely demonstrate that the corporate Defendants are both Foreign Profit Corporations, which is insufficient to disclose their citizenship because it fails to identify where Landstar Inway, Inc. and Landstar System, Inc. are incorporated. See id.

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks, 592 F.3d at 419, the Court will afford Plaintiff one final opportunity to provide sufficient information to establish the citizenship of the parties and this Court's diversity jurisdiction over the instant action.

Accordingly, it is

3

**ORDERED**:

Plaintiff shall have up to and including **September 28, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on September 14, 2021.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record